JOSEPH FELD v. THE BOARD OF HEALTH OF THE CITY
OF PASSAIC.

Argued February 18, 1914—Decided May 4, 1914.

1. The ordinance entitled "An ordinance regulating the sale of meat
   in the city of Passaic, New Jersey," designed to require an ex-
   amination of the animal before and after slaughter, by competent
   health inspectors or veterinarians, is a proper exercise of the
   police power by the local board of health under the power dele-
   gated to it by the general health laws.
2. The fact that in its application and operation the business of the
   prosecutor may suffer by discrimination in favor of competitors
   who comply with the provisions of the ordinance, will not render
   the ordinance unreasonable or illegal.

On *certiorari*.

Before Justice MINTURN.

For the prosecutor, *Harry H. Weinberger*.

For the defendant, *Albert O. Miller*.

The opinion of the court was delivered by

MINTURN, J.   The writ of *certiorari* in this case removes
the ordinance of the city of Passaic regulating the sale of
meat therein.   The prosecutor's main contention is that as to
him it is confiscatory, and discriminates in its ultimate opera-
tion between him and other citizens of the state engaged in
the business of slaughtering cattle for food.   He possesses a
license from the state board of health authorizing him to
engage in the business, and this he insists gives him the right
to sell his product in the Passaic markets without the permis-
sion of the local governing body.

The ordinance is designed to prohibit the sale of meat in
the city unless the animal · furnishing the meat shall have
been examined and favorably passed upon before and after
slaughter, by a meat inspector appointed by the federal gov-

ernment, or by a veterinary surgeon or other qualified officer of the city of Passaic, or of a municipality having a system of inspection equal to that adopted by the United States bureau of animal industry.

Such an ordinance is clearly within the powers delegated to the local board of health by the general legislation upon the subject. *Pamph. L.* 1887, *p.* 80; *Pamph. L.* 1881, *p.* 283; *Pamph. L.* 1901, *p.* 186; *Pamph. L.* 1907, *p.* 485.

And also by the provisions of the so-called Walsh act, under which the city of Passaic is governed. *Pamph. L.* 1912, *p.* 650.

The license of the state board of health gave the prosecutor only the power and privilege of slaughtering, and not of selling cattle. *Pamph. L.* 1910, *p.* 526.

The power to pass the ordinance being manifest, the only remaining question is whether in its operation it results unjustly or illegally to the prosecutor since his claim herein is narrowed to that contention. It may be conceded that the operation of the ordinance in Passaic City would be absolutely destructive of the prosecutor's business therein, and yet the courts uniformly hold upon the saving governmental philosophy involved in the maxim *salus populi suprema est lex,* that a manifest police regulation of this character shall not receive judicial condemnation, unless it be clearly arbitrary and unreasonble, and beyond the necessities of the case.

In *Mugler* v. *Kansas,* 123 *U. S.* 672, the federal Supreme Court sustained an enactment which, in its practical operation and ultimate enforcement, destroyed valuable property, and eliminated from the sphere of business existence one of the most thriving and profitable industries of the state. And the same may be said of the legislation which the same court supported in the *Slaughter House Cases,* 16 *Wall.* 36, and 111 *U. S.* 746. Such a loss to the individual is not the direct object of the regulation, but is simply consequential in its nature when not entirely and palpably irrational in its application and operation, and is classed within the category of *damnun absque injuria. L'Hote* v. *New Orleans,* 177 *U. S.* 587.

This court, in the comparatively recent case of *Borden's Milk Co.* v. *Board of Health of Montclair,* 81 *N. J. L.* 219 (affirmed on appeal), involving facts as important in their consequences to the individual prosecutor as these presented here, sustained an ordinance prescribing a test for the sale of milk within the town of Montclair. We there held that a local board of health may prohibit the sale within the municipality of milk from cows that react to the tuberculin test; and that the action of the local board in adopting measures for the protection of the public health will not be set aside by the courts, if the board has acted reasonably upon evidence that might satisfy a reasonable man.

In *Schwartz Brothers* v. *Board of Health of Jersey City,* 84 *N. J. L.* 735, the Court of Errors and Appeals held that an ordinance which required others than the city dead animal contractor to procure a license for the transportation of dead animals through the streets could not be legally assailed upon the ground that it denied to the citizen the equal protection of the laws, or that it enabled the municipality to take property without due process of law, in violation of the fourteenth amendment to the federal constitution, or that it was unreasonable, discriminatory or monopolistic in character.

These principles become dispositive of the case at bar.

Their application renders it manifest that the ordinance under review possesses none of the infirmities or illegal characteristics which the prosecutor seeks to attribute to it, and therefore its validity will be affirmed, with costs.